NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK LEAL, | No. 22-16901 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-00595-JAD-VCF |
| v. | |
| BRIAN WILLIAMS, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 16, 2024**
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Jack Leal pleaded guilty in Nevada state court to one count of multiple

transactions involving fraud or deceit in the course of an enterprise or occupation,

in violation of NRS 205.377. He was sentenced to six to fifteen years of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

imprisonment. After exhausting his direct appeals and unsuccessfully seeking state post-conviction relief, Leal filed a petition for a writ of habeas corpus. The district court denied the petition, and Leal now appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

We review the district court's denial of a petition for a writ of habeas corpus de novo. *Moses v. Payne*, 555 F.3d 742, 750 (9th Cir. 2009). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, habeas relief may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (first quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011); and then quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). To obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

1. Leal argues that his co-defendant (and estranged wife) Jessica Garcia coerced his guilty plea, rendering it involuntary. We assess the voluntariness of a plea in light of "all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970). In his plea agreement, Leal attested that his plea was entered "voluntarily" and that he was "not acting under duress or coercion." During his plea colloquy, Leal reaffirmed that no one forced him to plead guilty and that he was "pleading guilty of [his] own free will." Those representations "carry a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012).

Leal now argues that the record demonstrates "a pattern of violence inflicted by Garcia upon [him]." But the record before the state court reveals only one incident of violence predating Leal's guilty plea. With respect to that incident—which culminated in Garcia's March 2017 arrest on misdemeanor battery charges—the record does not indicate that Leal was Garcia's victim or that the violence related to Leal's criminal case. Based on the evidence presented in the state court proceedings, the Nevada Court of Appeals reasonably concluded that Leal's plea was voluntary.

Leal asks that we expand the record on appeal to include documents relating to Garcia's domestic-violence arrests in Florida. Our "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. Because the documents were not before the state court, we decline to consider them.

2. Despite Leal's assertions, the state court's conclusion was not contrary to *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, "the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady*, 397 U.S. at 747 n.4. The record here does so because it contains Leal's acknowledgments in the plea agreement and his repeated representations at the plea colloquy.

3. Separately, Leal argues that his attorney's joint representation of him and Garcia violated his Sixth Amendment right to conflict-free counsel. Although there is a "right to representation that is free from conflicts of interest," *Wood v. Georgia*, 450 U.S. 261, 271 (1981), joint representation "is not *per se* violative of constitutional guarantees of effective assistance of counsel," *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978). Leal executed two conflict-of-interest waivers, in which he acknowledged and consented to the dual representation. In his testimony at his initial arraignment and its continuation, Leal again affirmed that he "waive[d] conflicts" and that "there's not a conflict of interest." Because "a

defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests," *id.* at 483 n.5, and Leal repeatedly did so, his claim that he was deprived of his Sixth Amendment right to conflict-free counsel lacks merit.

Furthermore, the state court's rejection of Leal's conflicted-counsel claim was neither contrary to nor an unreasonable application of *Holloway v. Arkansas* or *Mickens v. Taylor*, 535 U.S. 162 (2002). In *Holloway*, the Supreme Court held that automatic reversal is required when a defendant objects to joint representation and "[t]he judge then fail[s] either to appoint separate counsel or to take adequate steps to ascertain whether the risk was too remote to warrant separate counsel." 435 U.S. at 484–88; *see Mickens*, 535 U.S. at 168 (affirming the *Holloway* automatic-reversal rule). Here, the trial court inquired into the conflict when it conducted an off-the-record bench conference addressing the conflict and asked Leal's counsel about the nature of the conflict during Leal's sentencing hearing. In light of those actions and Leal's two conflict-of-interest waivers, we cannot say that the Nevada Court of Appeals unreasonably applied clearly established federal law.

The motion to expand the record on appeal (Dkt. No. 22) is **DENIED**.

**AFFIRMED.**